**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| LB Steel, LLC, | Case No. 15-35358 |
| Debtor. | Adversary No. |
| LB Steel, LLC, | Honorable Janet S. Baer |
| Plaintiff,<br>v. | |
| Walsh Construction Company; and Dorothy Brown, Clerk of the Circuit Court, Cook County, Illinois, | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND TURNOVER OF PROPERTY OF THE ESTATE**

LB Steel, LLC (the "Debtor"), by its undersigned counsel, brings this adversary proceeding against Walsh Construction Company ("Walsh") and Dorothy Brown, Clerk of the Circuit Court, Cook County, Illinois (the "Clerk," and together, the "Defendants") seeking a determination that certain funds deposited with the Clerk are property of the Debtor's bankruptcy estate and the turnover of those funds to the Debtor, and, in support of its complaint, states as follows:

**PARTIES**

1.      The Debtor is a Delaware limited liability company doing business in Harvey, Illinois, Topeka, Kansas and Warren, Ohio.

2.      Walsh is an Illinois corporation doing business in Illinois.

3.      Dorothy Brown, named as a party defendant in her official capacity only, is the Clerk of the Circuit Court of Cook County, Illinois and is located in the Richard J. Daley Center,

Room 1001, at 50 West Washington Street, Chicago, Illinois 60602.

## PROCEDURE AND JURISDICTION

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because this

adversary proceeding arises in or under, and is related to, the above-captioned case pending in

the United States Bankruptcy Court for the Northern District of Illinois.

5.      This adversary proceeding constitutes a core proceeding within the meaning of 28

U.S.C. §§ 157(b)(2)(A) and (E).   The Debtor consents to the Bankruptcy Court's entry of a final

order or judgment.

6.      Venue is proper pursuant to 28 U.S.C. § 1409.

## FACTS

7.      In January, 2003, Walsh entered into an agreement with the City of Chicago (the

"City") to act as general contractor for a large construction project at O'Hare International

Airport.

8.      In January, 2003, Walsh entered into a subcontract with Carlo Steel Corp. ("Carlo

Steel") to construct steel canopies for the project.

9.      On March 12, 2003, Carlo Steel entered into a sub-subcontract with the Debtor to

fabricate steel supports for the canopies.

10.      In March, 2003, the Debtor entered into a contract with Calumet Testing, Inc.

("Cal Testing") to provide weld testing services for the steel supports.  Neither Walsh nor Carlo

Steel was a party or named as a beneficiary to that contract.

11.      In February 2005, the Debtor sued Carlo Steel, Walsh, the City and others in the

Cook County Circuit Court (the "Circuit Court") in Case No. 05CH2675 for: (a) their failure to

pay $6,523,699 to the Debtor for its unpaid contract balance, owner approved extras and other

changed and extra work that the Debtor performed; (b) quantum meruit and unjust enrichment;
(c) to recover under the Public Construction Bond Act, 30 ILCS 550/2; and (d) adjudication of
the Debtor's $1,554,654 mechanic's lien on the public funds associated with the construction
project, which funds consisted of the balance of funds remaining to be paid by the City to Walsh
on their contract.

12.     In 2007, the City identified alleged construction defects and sued Walsh for
breach of contract in the Circuit Court (Case No. 07L3886).  Walsh, in turn, sued Carlo Steel and
Carlo Steel brought a third party complaint against the Debtor alleging breach of contract for
failure to properly fabricate the steel support columns.  Carlo Steel subsequently assigned its
claim against the Debtor to Walsh.  After several amendments, Walsh ultimately asserted three
claims against the Debtor: (a) breach of contract; (b) professional negligence; and (c) fraud.

13.     On June 19, 2008, the Debtor sued Cal Testing in the Circuit Court (Case No.
08L6675) alleging that Cal Testing breached its contract with the Debtor by failing to identify
certain issues with the steel supports.  Cases 05CH2675 and 08L6675 were later consolidated
into Case No. 07L3886.

14.     On February 21, 2013, after Walsh and the City settled the City's claims against
Walsh in Case No. 07L3886, the Circuit Court entered an agreed order dismissing with prejudice
the City's claims against Walsh.  In the order, the parties agreed that "all parties [are] to bear
their own costs, expenses and attorneys' fees."

15.     On March 12, 2013, Walsh filed a second amended complaint against the Debtor
and Cal Testing that included counts against Cal Testing for negligence and breach of contract as
a third party beneficiary of the Debtor's contract with Cal Testing.

16.     On April 4, 2013, Cal Testing filed a counterclaim for impleader.  Cal Testing

agreed to settle all claims brought against it by the Debtor and Walsh by depositing its remaining insurance policy limit of $1,812,696 in exchange for its dismissal.

17.     On May 13, 2013, the Circuit Court granted Cal Testing's impleader and entered an order directing Cal Testing to deposit $1,812,696 with the Clerk (the "Cal Testing Deposit"), holding that "Walsh and LB Steel's claims against Cal Testing are limited to the aforementioned funds."

18.     On June 28, 2013, the City and Walsh filed a joint motion to deposit the $1,554,654 in public funds liened by the Debtor with the Clerk.

19.     On November 12, 2013, the Circuit Court entered an order directing the City to deposit $1,554,654 with the Clerk (the "City Deposit," and together with the Cal Testing Deposit, the "Deposits"), holding that "LB Steel's lien is released as to the City only and attaches to the deposited funds."

20.     On October 14, 2015, the Circuit Court entered a judgment (the "Judgment"), a copy of which is attached as <u>Exhibit A</u>, in the consolidated cases in which it held, among other things, that:

> a.      "Judgment is entered in favor of Walsh . . . against LB Steel for Breach of Contract in the amount of $27,500,000." Judgment at ¶ 1.
>
> b.      "Judgment is entered in favor of LB Steel and against . . . Walsh . . . for breach of contract, in the amount of $6,500,000." *Id.* at ¶ 3.
>
> c.      "Judgment is entered in favor of LB Steel and against Walsh on Count II of LB Steel's Counterclaim in Case No. 2007 L 3886 . . . for lien under 770 ILCS 60/23, in the amount of $1,554,654.00." *Id.* at ¶ 5.
>
> d.      "Judgment is entered in favor of LB Steel, on . . . LB Steel's complaint

against Cal Testing in Case No. 08 L 6675 [] for the principal amount of $1,812,696.00 plus accrued interest that was deposited with the Clerk of the Court by Cal Testing . . . This $1,812,696.00 is independent of, and in addition to, the $6,500,000.00 awarded to LB Steel." *Id.* at ¶ 6.

21.     The Circuit Court judgment further provided that the Clerk "shall release the $1,554,654.000 deposited by the City of Chicago . . . plus accrued interest, to Walsh" and "shall release the $1,812,696.00 deposited by Cal Testing . . . plus accrued interest, to Walsh." *Id.* at ¶¶ 13-14.

22.     On October 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

23.     As of the petition date, Walsh had yet to request the release of the Deposits from the Clerk and the Clerk had yet to release them.

24.     The Debtor is informed and believes that MB Financial Bank, N.A. (the "Bank"), asserts a security interest in the Deposits.

25.     The Debtor is informed and believes that counsel, Conway & Mrowiek ("C&E"), also asserts an attorneys' lien on the Deposits.

## COUNT I
## (<u>DECLARATORY RELIEF</u>)
(Walsh)

26.     The Debtor realleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, as though fully set forth herein.

27.     Pursuant to Rule 7001(9) of the Federal Rules of Bankruptcy Procedure, a proceeding to obtain a declaratory judgment is an adversary proceeding.

28.     The Circuit Court awarded the City Deposit to the Debtor in the Judgment.

Accordingly, those funds are property of the Debtor's estate pursuant to Sections 541(a)(1) and 543 of the Bankruptcy Code.

29.    The Circuit Court awarded the Cal Testing Funds to the Debtor in the Judgment. Accordingly, those funds are property of the Debtor's estate pursuant to Sections 541(a)(1) and 543 of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests the entry of a judgment declaring that the Deposits are property of the Debtor's bankruptcy estate, subject to any alleged security interests or liens asserted by the Bank and C&E, and granting the Debtor such other and further as the Court deems just and proper.

## COUNT II
## (TURNOVER OF PROPERTY OF THE ESTATE)
(the Clerk)

30.    The Debtor realleges and incorporates by reference the allegations set forth in paragraphs 1 through 29, as though fully set forth herein.

31.    Section 543(b) of the Bankruptcy Code requires a custodian to "deliver to the trustee any property of the debtor held by or transferred to such custodian . . . that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case."

32.    The Clerk is a custodian of the City Deposit. The City Deposit is property of the Debtor's bankruptcy estate pursuant to Section 541(a) of the Bankruptcy Code. Thus, the Clerk is required to turn over those funds to the Debtor pursuant to Section 543(b) of the Bankruptcy Code.

33.    The Clerk is a custodian of the Cal Testing Deposit. The Cal Testing Deposit is property of the Debtor's bankruptcy estate pursuant to Section 541(a) of the Bankruptcy Code.

Thus, the Clerk is required to turn over those funds to the Debtor pursuant to Section 543(b) of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests the entry of a judgment directing the Clerk to turn over the Deposits to the Debtor, subject to any alleged security interests or liens asserted by the Bank and C&E and granting the Debtor such other and further as the Court deems just and proper.

DATED: December 4, 2015     **LB STEEL, LLC**

           By: */s/ Daniel A. Zazove*         
           PERKINS COIE LLP
           Daniel A. Zazove (ARDC # 3104117)
           David J. Gold (ARDC # 6299872)
           131 S. Dearborn Street, Suite 1700
           Chicago, Illinois 60603-5559
           Telephone: (312) 324-8400
           Facsimile: (312) 324-9400
           dzazove@perkinscoie.com
           dgold@perkinscoie.com